STATE v. A. W. HARDIE.

(Filed 18 October, 1939.)

**1. Barbers § 3; Indictment § 20—**

The indictment charged defendant with practicing barbering "without first obtaining a certificate of registration." The evidence tended to show that defendant practiced barbering after his license had been revoked. *Held:* There is a fatal variance between the indictment and proof, proof of lack of a license not being proof of lack of a certificate of registration.

**2. Statutes § 8—**

Penal statutes must be strictly construed.

APPEAL by defendant from *Armstrong, J.,* at August Term, 1939, of WILKES. Reversed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Trivette & Holshouser for defendant, appellant.*

SCHENCK, J. The bill of indictment charges "that A. W. Hardie, . . . on the 7th day of October, 1938, . . . unlawfully and willfully for pay practiced barbering . . . without first obtaining a certificate of registration, either as a registered apprentice or as a registered barber, from the State Board of Barber Examiners, . . ." The bill is drawn in accord with secs. 1 and 21, ch. 119, Public Laws 1929, as amended by sec. 6, ch. 138, Public Laws 1937. (Michie's N. C. Code of 1935, secs. 5003 [a] and 5003 [u].)

The State called but one witness, namely, one J. M. Cheek, who testified to the effect that he was a member of the North Carolina Board of Barber Examiners, that he saw the defendant on 8 October, 1938, and on various later dates, cutting the hair of and shaving various persons for pay, and that the defendant "did not have a license"—that he knew that the defendant did "not have a license to practice barbering" upon the dates mentioned. On cross-examination the witness testified that the defendant at one time "held a license to practice barbering," and on redirect examination that such license was revoked, "and subsequent thereto the State Board did not issue to the defendant a new certificate as a barber." The date or time of the revocation of the license does not appear from the evidence.

It will be noted that the bill charges that the defendant practiced barbering without first obtaining a "certificate of registration" and the

proof is that the defendant practiced barbering without having a license. The term "certificate of registration" is not once used in the testimony of the witness, the nearest approach to such use being in the last sentence thereof, when the witness stated that the defendant's license was revoked, "and subsequent thereto the State Board did not issue to the defendant a new certificate as a barber."

The evidence does not support the charge—there is a fatal variance between the *allegata* and the *probata*. The crime for which the defendant was being tried being a statutory offense, the statute must be construed strictly in favor of the defendant and against the State. *S. v. Heath*, 199 N. C., 135. When this rule of construction is applied the proof of the lack of a license cannot be construed as proof of lack of a certificate of registration.

The judgment of the Superior Court is
Reversed.